ams

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SEAN SHOBE, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | **Case No. 06-3307-JAR** |
| | ) | |
| DAVID McKUNE, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on petitioner Sean Shobe's Motion to Alter or Amend Judgment (Doc. 13), asking the Court to reconsider its Memorandum and Order (Doc. 10) denying his petition for federal habeas relief from a state conviction, pursuant to 28 U.S.C. § 2254. After considering the parties' submissions, the Court is prepared to rule. As described more fully below, the petition is denied.

Petitioner brings this motion under Fed. R. Civ. P. 59(e). Relief under Rule 59(e) is warranted based on an intervening change in the controlling law, new evidence previously unavailable, or the need to correct clear error or prevent manifest injustice.[1] A Rule 59(e) motion is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.[2] Such a motion does not permit a losing party to rehash arguments previously

---

[1] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).

[2] *Id.*

addressed or to present new legal theories or facts that could have been raised earlier.[3] Petitioner seeks reconsideration only of this Court's conclusion that the evidence was sufficient to support his State conviction for kidnapping.

Petitioner does not meet the requirements of Rule 59(e) because he is unable to show an intervening change in the controlling law, new evidence previously unavailable, or the need to correct clear error or prevent manifest injustice.  In his motion to alter or amend, petitioner again urges that the movement of the victims in this case was insufficient to "facilitate" the aggravated robbery under the kidnapping statute.[4]  In its Memorandum and Order, the Court considered both whether *any* rational trier of fact could have found the essential elements of the kidnapping beyond a reasonable doubt, and whether the Kansas Court of Appeals' decision was contrary to federal law or an unreasonable application of law to find substantial evidence in support of the conviction.  Nothing in petitioner's motion to alter or amend persuades this Court that its previous denial of the habeas petition on this ground constitutes "clear error" or that it misapprehended controlling law.

**IT IS THEREFORE ORDERED BY THE COURT** that petitioner's Motion to Alter or Amend (Doc. 13) is **denied**.

**IT IS SO ORDERED.**

Dated this 6th  day of November 2007.

 S/ Julie A. Robinson
Julie A. Robinson
United States District Judge

---

[3]*Brown v. Presbyterian Healthcare Serv.*, 101 F.3d 1324, 1332 (10th Cir. 1996), *cert. denied*, 520 U.S. 1181 (1997).

[4]*See* K.S.A. § 21-3420(b).