ams

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SEAN SHOBE,                           )
                                      )
                   Petitioner,        )
v.                                    )          Case No. 06-3307-JAR
                                      )
DAVID McKUNE,                         )
                                      )
                   Respondent.        )
_____)

## MEMORANDUM AND ORDER DENYING APPLICATION FOR CERTIFICATE OF APPEALABILITY AND GRANTING MOTION TO PROCEED IN FORMA PAUPERIS

This matter is before the Court on petitioner Sean Shobe's Application for Certificate of Appealability (Doc. 18).  In a detailed Memorandum and Order (Doc. 10) dated October 16, 2007, the Court denied petitioner's motion pursuant to 28 U.S.C. § 2254 for relief from his state court convictions for kidnapping and aggravated robbery.  The Court also denied petitioner's subsequent motion pursuant to Fed. R. Civ. P. 59 to alter or amend judgment (Doc. 15). Petitioner now seeks authorization to appeal the Court's denial of his § 2254 motion.

## I.        Standard

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), petitioner must obtain a Certificate of Appealability ("COA") before he can appeal "the final order in a habeas proceeding in which the detention complained of arises out of process issued by a State court."[1]  Petitioner is not entitled to a COA unless he can make "a substantial showing of the denial of a constitutional right."[2]  The Court denied relief as to all claims on substantive grounds,

_____

[1] 28 U.S.C. § 2253(c)(1)(A).

[2] 28 U.S.C. § 2253(c)(2).

therefore, petitioner may satisfy his burden only if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[3]   Petitioner is not required to demonstrate that his appeal will succeed to be entitled to a COA.  He must, however, "prove something more than the absence of frivolity or the existence of mere good faith."[4]  "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims.  In fact, the statute forbids it."[5]

Petitioner seeks a certificate of appealability on three issues addressed in the Court's October 16, 2007 Memorandum and Order ("Order"): (1) whether there was sufficient evidence to support the convictions for kidnapping; (2) whether the line-up was unduly suggestive such that it should have been suppressed; and (3) whether his counsel was ineffective for failing to contest the search of the Ryder van driven by petitioner.  The court addresses each in turn.

## II.   Discussion

### A.   Sufficiency of Kidnapping Evidence

In denying the petition for habeas relief on this issue, this Court found that, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime of kidnapping beyond a reasonable doubt.[6]  The issue raised by petitioner was whether the taking of the victims here was done to "facilitate" either flight or

---

[3]*Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (construing 28 U.S.C. § 2253(c)).

[4]*Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

[5]*Id.* at 336; *see also United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005).

[6]*See, e.g.*, *Turrentine v. Mullin*, 390 F.3d 1181, 1197 (10th Cir. 2004) (setting forth standard on sufficiency of evidence claim).

commission of the aggravated robbery.[7]  The Court explained that a reasonable jury could find

beyond a reasonable doubt that petitioner moved the victims in order to "facilitate" the

commission of the aggravated robbery because the movement had significance independent of

the aggravated robbery that made it easier to commit and substantially lessened the risk of

detection.

Petitioner once again argues that the facts of his conviction are distinguishable from *State

v. Buggs*, rather than analogous, as this Court and the Kansas Court of Appeals found.  Petitioner

maintains that this case is instead analogous to "the forced direction of a store clerk to cross the

store to open a cash register," which *Buggs* stated is not kidnapping.[8]  The Court considered and

rejected this argument and does not find that reasonable jurists would find it debatable or wrong.

The evidence, viewed in the light most favorable to the State, showed that while Maria Flores,

the manager of the restaurant, was attempting to open the safe, the robber instructed the other

victim, Carlos Garibildy, to lie face down on the floor.  After Flores opened the safe, the robber

instructed her to lay back down on the floor and threatened to kill her if she did not shut up.

Before leaving the restaurant, the robber put an irritant in the eyes of both victims.  These facts

show that the movement of the victims substantially reduced the risk of detection—both were

moved to the kitchen, out of sight, even though only one was necessary to open the safe, and the

irritant substantially reduced the risk of detection by incapacitating the victims to delay their

---

[7]*See* K.S.A. § 21-3420(b); *State v. Buggs*, 547 P.2d 720, 731 (Kan. 1976).

[8]*Buggs*, 547 P.2d at 731.

response and to inhibit their ability to see when the robber fled.[9]  For these reasons and all of the reasons explained in the Court's Order, the facts here are analogous to the facts in *Buggs*, which concluded that the forced movement of the victims was done to facilitate the aggravated robbery.

**B.      Line-up**

Next, petitioner urges that the Court erred by not finding that the line-up was unduly suggestive.  Petitioner argued in his motion for habeas corpus that because he was the only person in the lineup wearing black pants and expensive-looking tennis shoes, the same clothing the victims had reported the robber wore, the line-up was unduly suggestive and should have been suppressed.  In its Order, the Court stated that it was unable to find that the state court's denial of petitioner's motion to suppress the lineup identification was contrary to federal law, or involved an unreasonable application of federal law.

Petitioner now asserts for the first time that the Court failed to consider that he was three inches taller than the tallest other line-up participants and ten years younger than the youngest of the other participants.  Petitioner also questions Flores' reliability in identifying him.  As the Court explained in its Order, the only suggestive elements presented by petitioner to the Kansas Court of Appeals involved the clothing that he wore during the lineup.  The court identified the following evidence to support its conclusion that petitioner's clothing did not create an impermissibly suggestive lineup: the robber was described as being dressed entirely in black, including a black jacket and pantyhose over his face, yet at the lineup, petitioner was wearing a

---

[9]These facts are clearly distinguishable from those in *State v. Fisher*, 891 P.2d 1065 (Kan. 1995), which found that movement of victim did not facilitate robbery where the victim was moved to an area where he was fully visible through a front window to the restaurant, and was only moved to retrieve a key to the safe.  *Id.* at 1072–74. The facts are also distinguishable from *Messer v. Roberts*, 74 F.3d 1009 (10th Cir. 1996), where the movement of the victim occurred after the battery occurred.  *Id.* at 1014.

4

light-colored shirt; there was another man in the lineup wearing a light-colored shirt; and Flores did not identify petitioner based only on his clothing, but also on his body type, height, and voice. The Court is not persuaded that reasonable jurists would disagree that the Kansas Court of Appeals' finding that the line-up was not unduly suggestive was contrary to or an unreasonable application of federal law.

### C.      Ineffective Assistance of Counsel

Finally, petitioner seeks to appeal the Court's finding that his counsel was not ineffective for failing to make certain arguments in support of suppressing evidence derived from the search and seizure of the Ryder van.  Petitioner represents that the Court failed to consider (1) whether Officer Robbins had reasonable suspicion or probable cause to stop the Ryder van, (2) whether the inventory search exception to the warrant requirement applied, and (3) whether the van had been abandoned, causing petitioner to lose standing to object to the search.  The Court incorporates by reference the analysis in its Order, which in fact addressed all of these arguments.  For the same reasons explained therein, the Court does not find that reasonable jurists would disagree that petitioner's counsel was not ineffective for failing to pursue certain arguments to support suppression of the Ryder van.  The record is clear that the Kansas Court of Appeals' well-reasoned conclusion that counsel was not ineffective was sound and not contrary to federal law.  Accordingly, petitioner's motion for a certificate of appealability is denied on all grounds.

Petitioner represents that his financial status does not allow for the payment of a filing fee on appeal.  Finding good cause exists, the Court grants petitioner's request to proceed *in forma pauperis* on appeal.

5

**IT IS THEREFORE ORDERED BY THE COURT** that petitioner's Application for Certificate of Appealability (Doc. 18) is **denied** and Motion for Leave to Proceed In Forma Pauperis (Doc. 22) is **granted.**

**IT IS SO ORDERED.**

Dated this 9th day of January 2008.

 S/ Julie A. Robinson
Julie A. Robinson
United States District Judge

Shobe v. McKune, *Memorandum and Order Denying Request for Certificate of Appealability and Granting Motion for Leave to Proceed in Forma Pauperis*, No. 06-3307-JAR.